IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BRENSON DUDLEY SMITH, | ) | |
| ID # 08082517, | ) | |
| Plaintiff, | ) | |
| vs. | ) | No. 3:09-CV-0737-N (BH) |
| | ) | |
| DALLAS COUNTY JAIL, | ) | Referred to U.S. Magistrate Judge |
| et al., | ) | |
| Defendants. | ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court, this case has been referred to the United States Magistrate Judge.

**I. BACKGROUND**

Plaintiff, an inmate in the Dallas County Jail ("the Jail"), filed this action pursuant to 42 U.S.C. § 1983. (Compl. at 1.) He sues the Jail; Dallas County Sheriff Lupe Valdez, and two prison employees (Officer Williams and Lt. Ball). (*Id.* at 1, 3.) He contends that Officer Williams ordered that jail showers be cleaned and threatened to take away television and "dayroom" privileges for noncompliance. (*Id.* at 4.) While he was cleaning the showers, Plaintiff accidentally got some cleaning product into his eye. (*Id.* at 4.) After the accident, he read the label and learned that he should have been wearing eye protection. (*Id.* at 4, 6.)[1] He alleges that Officer Williams did not provide the required eye protection, and as a result, "I now have to use . . . medication . . . in my right eye." (*Id.* at 6.) He sues Sheriff Valdez for setting the cleaning policy, Lt. Ball for passing out the cleaning chemicals, Officer Williams for ordering the cleaning without providing safety goggles,

---

[1] Page six is an unnumbered "Extra Page" that plaintiff included to the standard form after page five.

and the Dallas County Jail for unspecified reasons. (*Id.* at 3.) He seeks monetary damages and future medical expenses. (*See id.* at 4.)

The Court has granted Plaintiff permission to proceed with this action *in forma pauperis*. No process has been issued in this case.

## II.  PRELIMINARY SCREENING

Plaintiff is a prisoner who has been permitted to proceed *in forma pauperis*. As a prisoner seeking redress from a governmental entity and an officer or employee of such an entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Because he is proceeding *in forma pauperis*, his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## III.  SECTION 1983 RELIEF

Plaintiff seeks relief under 42 U.S.C. § 1983 for an accident in which Plaintiff got cleaning chemicals in his eye. Section 1983 provides a federal cause of action and affords redress for the "deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the

2

Constitution and laws' of the United States." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). To state a claim under § 1983, Plaintiff must allege facts that show (1) he has been deprived of a right secured by the Constitution and the laws of the United States; and (2) the deprivation occurred under color of state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Bass v. Parkwood Hosp.*, 180 F.3d 234, 241 (5th Cir. 1999).

Plaintiff's claims are based on alleged negligence by the defendants. Mere negligence, however, is not actionable under § 1983. *Daniels v. Williams*, 474 U.S. 327, 328 (1986) (concluding that "the Due Process Clause is simply not implicated by a *negligent* act of an official causing unintended loss of or injury to life, liberty, or property"); *Davidson v. Cannon*, 474 U.S. 344, 347-48 (1986) (stating that "[r]espondents' lack of due care . . . simply does not approach the sort of abusive government conduct that the Due Process Clause was designed to prevent"); *Lemoine v. New Horizons Ranch & Ctr., Inc.*, 174 F.3d 629, 635 (5th Cir. 1999) (stating that "negligence on the part of state officials does not suffice to make out any due process violation under the Fourteenth Amendment"). Negligence is simply insufficient to impose liability under § 1983. *Brumfield v. Hollins*, 551 F.3d 322, 333 (5th Cir. 2008); *Oliver v. Collins*, 914 F.2d 56, 60 (5th Cir. 1990). "Section 1983 imposes liability for violation of rights protected by the Constitution, not for violations of duties of care arising out of [state] tort law." *Baker v. McCollan*, 443 U.S. 137, 146 (1979).

Furthermore, although Plaintiff sues Sheriff Valdez for setting the cleaning policy, he has alleged no facts to support finding that the alleged policy deprived him of any right protected by federal law or the United States Constitution. He has alleged no facts that the alleged policy was a moving force behind the officers' conduct or that it was adopted or maintained with deliberate

3

indifference to known or obvious consequences. He only alleges that he was harmed as a result of negligence. This is insufficient to impose liability based upon an alleged policy. *See Johnson v. Deep E. Tex. Reg'l Narcotics Trafficking Task Force*, 379 F.3d 293, 309 (5th Cir. 2004).

Because Plaintiff's claims are premised only on negligent conduct, § 1983 provides no basis for relief.[2]

## IV. RECOMMENDATION

The District Court should summarily **DISMISS** Plaintiff's complaint with prejudice as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). Such dismissal will count as a "strike" or "prior occasion" within the meaning 28 U.S.C. § 1915(g).[3]

**SIGNED this 29th day of April, 2009.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[2] Plaintiff pursues no claim under state law. Were he to attempt to amend his complaint to assert a state-law claim, the Court should decline to exercise supplemental jurisdiction over such claim under 28 U.S.C. § 1367. Whether to exercise such jurisdiction after dismissing the underlying federal claims is a matter left to the sound discretion of the Court. *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966); *Heaton v. Monogram Credit Card Bank*, 231 F.3d 994, 997 (5th Cir. 2000). When the Court dismisses the federal claims at a preliminary stage of litigation, judicial economy argues against the exercise of pendent or supplemental jurisdiction over state claims. *See LaPorte Constr. Co. v. Bayshore Nat'l Bank*, 805 F.2d 1254, 1257 (5th Cir. 1986). The dismissal of this action should not prevent pursuit of state claims in state court.

[3] Section1915(g), which is commonly known as the "three-strikes" provision, provides:
> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on plaintiff by mailing a copy to him. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE